Jeffrey D. Larkin (CA SBN 228684)
The Larkin Law Firm
2768 Loker Ave. West, Ste. 101
Carlsbad, CA 92010
Phone (760) 692-2269 ● Fax (760) 692-0552
Jeff@Larkinfirm.com

Attorney for Debtor, James Orrell

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>JAMES ORRELL<br><br>Debtor<br>_____<br>JAMES ORRELL<br>Movant<br>v.<br>U.S. BANK<br>Respondent<br>_____ | CASE NO.: 07-06121-PB7<br><br>REPLY TO RESPONDENTS EX PARTE REQUEST TO FILE LATE BRIEF IN OPPOSITION DEBTOR'S MOTION FOR CONTEMPT VIOLATIONS AND SANCTIONS |

    Movant/Debtor James Orrell, through counsel hereby submits the following reply to Respondent's Ex-Parte request to file a late brief.

1)    Respondent admits that the Debtor properly served the motion for Order to Show Cause for violation of the discharge injunction.

2)    Service of the motion was made on November 6th, 2009 on Respondent's agent for service of process, CT Corporation Systems, and also on November 9th, 2009 at U.S. Banks headquarters (See Status Declaration of Jeffrey D. Larkin).

3) Respondent indicates that due to a flood of borrower lawsuits, foreclosures and bankruptcies, the motion did not reach the in-house attorney responsible for such matters until December 18th, 2009, more than 5 weeks after it was received. This is simply unacceptable.

4) This is not a case of excusable neglect, rather it is further evidence of Respondent's careless and cavalier attitude regarding the facts of this case.

5) Respondent has done absolutely nothing but ignore the debtor's repeated requests for proper credit reporting over the last 6 months.

6) Now, five weeks after they were served with a time sensitive and legal document, they finally get around to responding to it by begging the Court for additional time to plead their case at the expense of the debtor's fresh start.

7) The debtor has patiently waited and has done everything in his power to resolve the matter absent filing this motion.

8) It is clear from what has transpired to date, that Respondent is simply being reactive when pushed into a corner, instead of pro-actively trying to resolve legitimate consumer complaints especially when they are in violation of the law.

9) It would be severely prejudicial to the debtor in this case for the Court to further delay his fresh start by allowing Respondent to file a late brief.

10) The burden of Respondent's incompetence in failing to timely respond should not be saddled on the debtor's shoulders, rather those consequences should rest with Respondent who clearly does not have effective policies and procedures in place to prevent this from happening in the first place.

Respectfully Submitted,

DATED: December 23, 2009          /s/ Jeffrey D. Larkin
                                  Attorney for Debtor